**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PEGGY WIGGINS WESTBROOK,
individually and as Executrix and
Personal Representative of the
Estate of BARRY V. WESTBROOK,

    Plaintiffs,

v.                                        Case No. 3:25-cv-50-TJC-LLL

MILTON GALVEZ, et al.,

    Defendants.

## **O R D E R**

**THIS CASE** is before the Court sua sponte based on review of the Complaint. Doc. 1. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

On January 16, 2025, Plaintiffs filed a Complaint (Doc. 1) asserting that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "Plaintiffs seek damages in Excess (sic) of seventy-five thousand dollars" and because "there is complete diversity between Plaintiffs and

Defendants." Doc. 1 ¶¶19–20. The action has two plaintiffs (an individual and an estate) and five defendants (one individual, three corporations, and one LLC).

To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied).

When an individual acts in a representative capacity for one who is deceased, that individual is deemed to be a citizen of the state of which the deceased was a citizen at the time of death. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1562 n.1 (11th Cir. 1994); 28 U.S.C. § 1332(c)(2). Thus, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007).

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (discussing the "nerve center" test) (emphasis removed).

The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. In this regard, the Court must receive information regarding the citizenship of all the members of a limited liability company, not just its managing members. Id.

According to the Complaint, Plaintiff Peggy Wiggins Westbrook "was a resident of the State of Georgia." Id. ¶13. There is no allegation about Plaintiff Wiggins's citizenship. The Complaint references the Probate Court for Houston County, Georgia, but does not specify the citizenship of Barry V. Westbrook. Id. ¶14. Plaintiffs allege Galvez resides and is domiciled in Florida. Doc. 1 ¶2. Plaintiffs allege each corporation is "a domestic corporation registered to do business in the State of Florida" and with a registered agent in Florida. Id. ¶¶

4, 6-7. Plaintiffs allege Hope Truck LLC is a "domestic limited liability company registered to do business in the State of Florida" with a registered agent in Florida. Id. ¶5. Plaintiffs have not alleged sufficient information to determine the citizenship of all the parties to this action. Further clarification is required from Plaintiffs to establish the Court's subject matter jurisdiction over this action.

Also, the Court finds the Complaint is an impermissible "shotgun pleading." One type of shotgun complaint occurs when "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."[1] See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Here, the counts for Negligence, Negligence Per Se, and Vicarious Liability incorporate by reference all allegations of all the preceding counts.[2] See Doc. 1 at 11–19.

---

[1] Another type of shotgun pleading occurs, and may be applicable here, when multiple claims against multiple defendants are asserted without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321–22 (11th Cir. 2015).

[2] In the Eleventh Circuit, shotgun pleadings of this sort are "altogether

In light of the foregoing, the Court will afford Plaintiffs an opportunity to provide the Court with sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.

**ORDERED:**

No later than **March 7, 2025**, plaintiffs shall file an amended complaint.

**DONE AND ORDERED** in Jacksonville, Florida the 6th day of February, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

---

unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases).